**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------
**MICHAEL ATKINS,**

                    Petitioner,            12 Civ. 9186 (JGK)

        - against -                **MEMORANDUM OPINION**
                                                                  **AND ORDER**
**PAUL M. GONYEA,**

                    Respondent.
--------------------------------------------------------
**JOHN G. KOELTL, District Judge:**

    Pro se petitioner Michael Atkins seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner seeks to vacate a 2004 sentence entered pursuant to a negotiated plea bargain in the New York State Supreme Court, Bronx County.  The respondent moves to dismiss the petition as time-barred under the one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d).  For the reasons explained below, the respondent's motion to dismiss is granted.

                                        I.

    On March 31, 2004, Acting Justice Steven Barrett of the New York State Supreme Court sentenced the petitioner to consecutive prison terms after the petitioner pleaded guilty to robbery in the third degree and criminal impersonation in the first degree under Indictment Number 2051/2003 ("IN 2051").  (See Killian

Decl. ¶ 3 & Ex. 1.)  Justice Barrett also imposed another consecutive sentence for attempted assault in the second degree under Superior Court Information Number 1261/2004 ("SCI 1261"). (See Killian Decl. ¶ 3 & Ex. 2.)  The petitioner did not file a notice of appeal in either case.  (Killian Decl. ¶ 4.)

On April 20, 2010, more than six years after sentencing, the petitioner moved under Section 440.10 of the New York Criminal Procedure Law to vacate the IN 2051 judgment on grounds of ineffective assistance of counsel.  (See Killian Decl. Ex. 5.)  On June 15, 2010, the petitioner filed another Section 440.10 motion, arguing that the judgments entered under both IN 2051 and SCI 1261 should be vacated because Justice Barrett had failed to renew his oath to act as a Supreme Court Justice and was therefore not empowered to adjudicate felonies.  (See Killian Decl. ¶ 6 & Ex. 7.)  Both motions were denied, and leave to appeal was denied.  (See Killian Decl. Exs. 5, 6.)  The petitioner contends that these post-conviction proceedings tolled the statute of limitations under various provisions of AEDPA and thus that this action is not time-barred under § 2244(d).

**II.**

AEDPA imposes a one-year statute of limitations on federal habeas corpus petitions by persons in custody pursuant to state court judgments. The statute generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because the petitioner did not seek appellate review, his judgment became final thirty days after it was entered. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam). The petitioner therefore had until April 30, 2005 (thirty days plus one year) to file his petition in federal court, unless the statute of limitations was tolled.

AEDPA tolls the statute of limitations for state prisoners filing habeas petitions in federal court during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). However, a post-conviction proceeding does not toll the statute if it is commenced more than one year after the judgment becomes final because it "does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The petitioner did not initiate any state court

3

proceedings until April 20, 2010, when he filed his first Section 440.10 motion. This was nearly five years after the statute of limitations had expired and could not "reset" the statute of limitations. See, e.g., Smith, 208 F.3d at 17.

**III.**

The petitioner argues that the statute of limitations did not run until he could obtain documents regarding Justice Barrett's oath of office. If "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" is after the date on which judgment became final, the statute of limitations runs from this later date. 28 U.S.C. § 2244(d)(1)(D).

The petitioner argues that because his second Section 440.10 motion (dated June 15, 2010) relied on Justice Barrett's qualifications, the statute of limitations should not have run until the petitioner could have discovered facts relating to those qualifications. In support, the petitioner provides a letter dated March 6, 2009, from the Unified Court System pursuant to a "recent request" under the Freedom of Information Law and enclosing copies of documents relating to Justice Barrett's status of office. (Pet'r's Opp'n to Def.'s Mot. to Dismiss Ex. A.) Although the pertinent documents are not

4

attached to the petitioner's memorandum, they are presumably the documents that the petitioner attached to his June 15, 2010 motion to vacate his sentences.  (See Killian Decl. Ex. 7.)

For § 2244(d)(1)(D) to apply, the petitioner bears the burden of demonstrating due diligence in obtaining the oath of office documents.  See Shabazz v. Filion, 402 F. App'x 629, 630 (2d Cir. 2010) (summary order) (citing Johnson v. United States, 544 U.S. 295, 311 (2005)); Adams v. Greiner, 272 F. Supp. 2d 269, 274-75 (S.D.N.Y. 2003).  Because the oath documents existed at the time of the petitioner's sentencing, he must explain why he did not attempt to procure them before 2009.  See Adams, 272 F. Supp. 2d at 274 ("In the absence of a showing of good cause, courts will reject assertions that evidence is 'newly discovered' if that evidence existed prior to the time a petitioner's underlying conviction became final.").  The relevant inquiry is not when the petitioner actually discovered the facts, but when he could have discovered them with due diligence.  See Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000); Adams, 272 F. Supp. 2d at 274 (collecting cases).

The petitioner does not explain what steps he took prior to 2009 to obtain the oath of office documents or why he could not have obtained the documents earlier with due diligence.  Indeed, when the petitioner sought the documents under the Freedom of

5

Information Law, the correspondence indicates he received the documents promptly, with the cover letter dated March 6, 2009. In any event, even if the statute of limitations began to run in March, 2009, when the petitioner obtained the oath documents, his claims would still be time-barred under § 2244(d)(1)(D) because he delayed for more than one year from that date in filing his first Section 440.10 motion, dated April 20, 2010.

## IV.

This Court may consider an otherwise time-barred petition under the doctrine of equitable tolling, but only in "rare and exceptional circumstance[s]." Smith, 208 F.3d at 17; see also Carbone v. Cunningham, No. 06 Civ. 5710, 2007 WL 4205821, at *2 (S.D.N.Y. Nov. 28, 2007). To qualify for equitable tolling, the petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Carbone, 2007 WL 4205821, at *2. To show that extraordinary circumstances "prevented" timely filing, the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable

diligence, could have filed on time notwithstanding the extraordinary circumstances." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).  Because "[t]he term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period," Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011), a finding of extraordinary circumstances requires, at the very least, some impeding factor beyond the petitioner's control.  See Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (mental illness); Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003) ("sufficiently egregious" attorney conduct); Valverde, 224 F.3d at 133-34 (prison officials intentionally preventing the petitioner from filing a petition).  Where extraordinary circumstances exist, the petitioner still must "establish that he acted diligently . . . throughout the time he seeks to have tolled" for the doctrine of equitable tolling to apply.  Rivas, 687 F.3d at 539.

   The petitioner in this case has indicated neither the requisite diligence nor the existence of extraordinary circumstances.  There is no indication that the petitioner filed his Freedom of Information Law request before the expiration of

the original one-year statute of limitations or that there was extraordinary delay in his receipt of the documents.  The petitioner has also failed to demonstrate that any extraordinary circumstance stood in the way of the filing of his Section 440.10 motions.  This is not the extraordinary case where equitable tolling should be granted.

### V.

For the reasons discussed above, the petitioner's claims are plainly time-barred and are not entitled to equitable tolling.  For the sake of completeness, it is useful to note that this is not a case where a meritorious claim is barred by the statute of limitations.  The petitioner's claim is without merit.

The petitioner's claim that Justice Barrett lacked jurisdiction to sentence him was rejected by the state court and the petitioner has failed to allege that the decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The petitioner's claim is solely a state law claim for which federal habeas provides no remedy.  Moreover, the petitioner's claim is also wrong on the merits.

8

Justice Barrett was qualified to impose judgment as an acting justice of the New York State Supreme Court in accordance with New York Public Officers Law Section 15, which provides that:

> If a public officer, duly chosen, has heretofore entered . . . on the performance of the duties of his or her office, without taking or filing an official oath, . . . his or her acts as such officer, so performed, shall be as valid and of as full force and effect as if such oath had been duly taken and filed.

Even if Justice Barrett's oath as an acting Supreme Court Justice had lapsed, the petitioner's sentence remained valid under state law.  See In re Gilmartin v. Tax Appeals Tribunal, 818 N.Y.S.2d 682, 684 (App. Div. 2006) ("[A]cts performed by a public officer who has not taken and filed an official oath are as valid and effective as if the oath had been taken and filed."); see also Clemente v. Town of N. Greenbush, No. 08 Civ. 0212, 2008 WL 2073959, at *2 (N.D.N.Y. May 14, 2008) ("The fact that [a public officer] may not have filed an oath of office . . . is irrelevant to the validity of his actions." (citations omitted)).

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the

foregoing reasons, the respondent's motion to dismiss the petitioner's application for a writ of habeas corpus is **granted**, and the petition is **dismissed**.  Because the petitioner has failed to make a "substantial showing of the denial of a constitutional right," the Court **declines** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).  The Clerk is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

**Dated:    New York, New York
           January 16, 2014**              _____/s/_____
                                                **John G. Koeltl
                                            United States District Judge**